IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| EDWARD SAMUEL,<br>　　　　　　Plaintiff,<br>v.<br><br>APTIM ENVIRONMENTAL AND INFRASTRUCTURE, INC., DSW HOMES, and R & R Contracting, LLC,<br><br>　　　　　　Defendants. | CIVIL NO. 1:20-cv-28<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |
| DSW HOMES, LLC (incorrectly named above),<br>　　　　　　Cross-Claimant,<br>v.<br><br>RR ASSOCIATES, LLC (incorrectly named above),<br>　　　　　　Crossclaim Defendant. | |

**<u>DEFENDANT DSW HOMES, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSSCLAIM AGAINST RR ASSOCIATES, LLC</u>**

COMES NOW Defendant **DSW HOMES, LLC** ("Defendant"), by and through undersigned counsel, and serves its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, in correspondingly numbered paragraphs as follows:

1. Admitted.

2. Admitted.

3. Not applicable to Answering Defendant.

4. Admitted.

5. Not applicable to Answering Defendant.

6. Not applicable to Answering Defendant.

7. Not applicable to Answering Defendant.

8. Denied.

Case: 1:20-cv-00028-WAL-GWC    Document #: 12    Filed: 07/28/20    Page 2 of 11

*Samuel v. Aptim et al.*, Civil No. 1:20-cv-28
**DSW Homes, LLC's Answer and Crossclaim**
Page 2

9. Denied.

10. Denied.

11. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 11 of the First Amended Complaint.

12. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 12 of the First Amended Complaint.

13. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 13 of the First Amended Complaint.

14. Denied.

## COUNT I

15. Defendant restates and incorporates its answers to all preceding paragraphs as though fully set forth herein.

16. The allegations call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

17. Denied.

## COUNT II

18. Defendant restates its previous responses.

19. Denied.

20. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, may have been the sole proximate result of Plaintiff EDWARD SAMUEL's own negligence which is to such a degree as to bar or diminish any recovery.

*Samuel v. Aptim et al.*, Civil No. 1:20-cv-28
**DSW Homes, LLC's Answer and Crossclaim**
Page 3

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, to the extent not solely attributable to Plaintiff may have been the result of acts or omissions of third parties over whom Answering Defendant had no control.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff may have assumed the risk of his injuries.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, may have been caused by Plaintiff's voluntary encountering of a known or obvious danger.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, may have been caused by Plaintiff's voluntary encountering of an open and obvious condition.

## SIXTH AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a cause of action upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has sued Answering Defendant under an incorrect name.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the defense of lack of prior notice to Answering Defendant of any dangerous condition.

Case: 1:20-cv-00028-WAL-GWC   Document #: 12   Filed: 07/28/20   Page 4 of 11

*Samuel v. Aptim et al.*, Civil No. 1:20-cv-28
**DSW Homes, LLC's Answer and Crossclaim**
Page 4

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations period.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, may have been caused by intervening and superseding factors and events not the responsibility of this Answering Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant incorporates by reference herein all affirmative defenses of Aptim Environmental & Infrastructure, LLC.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant DSW HOMES, LLC, specifically reserves the right to amend the Answer at any time prior to, during or after trial to assert any affirmative defense that is established by the evidence.

**WHEREFORE**, Defendant DSW HOMES, LLC, prays that judgment be entered dismissing the First Amended Complaint with an award for such costs and attorneys' fees as are incurred in the defense of this action.

### CROSSCLAIM AGAINST DEFENDANT RR ASSOCIATES, LLC
### (incorrectly named R & R Contracting, LLC)

COMES NOW Defendant/Cross-Claimant DSW HOMES, LLC (hereinafter "Defendant"), by and through undersigned counsel and for its crossclaim against

*Samuel v. Aptim et al.*, Civil No. 1:20-cv-28
**DSW Homes, LLC's Answer and Crossclaim**
Page 5

Defendant R & R Contracting, LLC, upon information and belief properly known as RR Associates, LLC, (hereinafter "RR Associates") alleges as follows:

### Jurisdictional Allegations

1. This Court has jurisdiction over this matter pursuant to 4 V.I.C. § 76 and 5 V.I.C. § 4903.

2. Plaintiff Edward Samuel ("Samuel" or "Plaintiff") is an individual who is a resident of St. Croix, U.S. Virgin Islands.

3. On or about April 8, 2019, the Plaintiff filed the above entitled action (the "Civil Action") which alleges negligence and negligent undertaking in the performance of repairs to the roof of Plaintiff's home in or about January, 2019.

4. DSW HOMES, LLC is a named Defendant in this Civil Action and is a Texas limited liability company.

5. RR Associates is a named Defendant in this Civil Action and, upon information and belief, is a Puerto Rico limited liability company.

### Factual Allegations

6. DSW Homes, LLC repeats and realleges all preceding paragraphs, which are incorporated herein by reference.

7. On September 19, 2019, Aptim Environmental and the Virgin Islands Housing Finance Authority (VIHFA) entered into that certain CONTRACT FOR CONSTRUCTION REPAIR SERVICES FOR THE SHELTERING TEMPORARY ESSENTIAL POWER ("STEP") PROGRAM EMERGENCY HOME REPAIRS V.I. pursuant to which Aptim Environmental agreed to perform, or cause to be

*Samuel v. Aptim et al.*, Civil No. 1:20-cv-28
**DSW Homes, LLC's Answer and Crossclaim**
Page 6

performed, residential construction rehabilitation projects, including case management, for the VIHFA (the "USVI STEP Program").

8. On November 8, 2018, Aptim Environmental contracted with DSW Homes LLC to perform work related to aforementioned USVI STEP Program.

9. On December 7, 2018, DSW Homes LLC subcontracted RR Associates, pursuant to that certain Subcontractor Base Agreement, dated December 7, 2018, to perform roof work for which Aptim had contracted DSW Homes LLC for the USVI STEP Program.

10. Pursuant to that certain Subcontractor Base Agreement, dated December 7, 2018, RR Associates agreed to:

> The Subcontractor shall defend, Indemnify and hold the Contractor, Owner, Architect, their agents, consultants and employees harmless from and against all claims, losses, costs and damages, including but not limited to attorneys' fees, pertaining to the performance of the Subcontractor and involving personal injury, sickness, disease, death or property damage, including loss of use of property resulting there from but not damage to the work itself, but only to the extent caused in whole or in part by the negligent acts or omissions of the Subcontractor, the Contractor or any of the Subcontractors' trade partners, contractors, subcontractors, suppliers, manufacturers, or other persons or entities for whose acts the Subcontractor may be liable. This indemnification agreement is binding on the Subcontractor, to the fullest extent permitted by law, regardless of whether any or all of the persons and entities indemnified hereunder are responsible in part for the claims, damages, losses or expenses for which the Subcontractor is obligated to provide indemnification. This indemnification provision does not negate, abridge or reduce any other rights or obligations of the persons and entities described herein with respect to indemnity. The Subcontractor acknowledges and agrees that the Contractor shall not have any liability to the Subcontractor under this Agreement for any losses, liabilities, damages and claims, and all related costs and expenses (including attorneys'

*Samuel v. Aptim et al.*, Civil No. 1:20-cv-28
**DSW Homes, LLC's Answer and Crossclaim**
Page 7

> fees, costs of litigation, settlement, judgment, interest and penalties) related to or the result of any negligent acts or omissions of (i) the Contractor or any of its members. managers, officers, directors, employees, consultants or agents, or (ii) the Subcontractor or any of its officers, directors, shareholders, members, managers, employees, consultants, suppliers, manufacturers or agents.

Subcontractor Base Agreement, dated December 7, 2018, at Section 11, Indemnification.

11. Upon information and belief, Plaintiff's roof repairs, which are the subject of the Civil Action, were performed under the USVI STEP Program.

12. According to the allegations in the Civil Action, on or about January 25, 2019, Plaintiff allegedly sustained physical injury as a result of a slip and fall to the ground in his home due to water accumulating on the floor.

13. According to the allegations in the Civil Action, Plaintiff's slip and fall occurred because of Defendant's negligent actions in repairing Plaintiff's roof.

14. According to the allegations in the Civil Action, the water on the floor resulted because "[t]hat night or early morning it rained into the Plaintiff's house due to a lack of a tarp." First Amd. Cmplt. at ¶11.

15. According to the allegations in the Civil Action, Plaintiff allegedly sustained physical injuries as a result of the slip and fall.

16. According to the allegations in the Civil Action, Defendant failed to warn Plaintiff of the danger, and Defendant "further failed to properly repair the roof such that it still leaks."

*Samuel v. Aptim et al.*, Civil No. 1:20-cv-28
**DSW Homes, LLC's Answer and Crossclaim**
Page 8

## The Negligent Acts of RR Associates

17. DSW Homes, LLC repeats and realleges all preceding paragraphs, which are incorporated herein by reference.

18. The Subcontractor Base Agreement, dated December 7, 2018, between DSW Homes LLC and RR Associates, was in effect at the time of Plaintiff's slip and fall.

19. The work which is the subject of the Civil Action was performed by RR Associates pursuant to the Subcontractor Base Agreement, dated December 7, 2018, between DSW Homes LLC and RR Associates.

20. RR Associates was the entity responsible for performing the work on Plaintiff's roof which is the subject of the Civil Action, including securing the tarp above Plaintiff's roof while work on Plaintiff's roof was in progress.

21. RR Associates was the entity responsible for properly repairing Plaintiff's roof so that it does not leak, which work is the subject of the Civil Action.

22. If Plaintiff's allegations are true, RR Associates negligently breached its duty, including but not limited to the following respects:

    a. By failing to properly secure the tarp to Plaintiff's roof;

    b. By failing to properly repair Plaintiff's roof so that it does not leak;

    c. By failing to warn Plaintiff of a dangerous condition.

23. If Plaintiff's allegations are true, then as a direct and proximate result of RR Associates' negligent acts and/or omissions, Plaintiff was physically injured and suffered damages.

*Samuel v. Aptim et al.*, Civil No. 1:20-cv-28
**DSW Homes, LLC's Answer and Crossclaim**
Page 9

## COUNT I

### Contractual Indemnification

24. DSW Homes, LLC repeats and realleges all preceding paragraphs, which are incorporated herein by reference.

25. As a proximate result of the above-stated actions and omissions by RR Association, DSW Homes, LLC was sued by Plaintiff in this action for the same harm, with the Plaintiff alleging, among other causes, negligence against DSW Homes, LLC.

26. RR Associates agreed to indemnify DSW Homes, LLC for this harm.

27. DSW Homes, LLC is entitled to recover contractual indemnification against RR Associates in the amount of all of DSW Homes, LLC's liability, including without limitation, its costs and attorneys' fees related to defending the Plaintiff's claims against it, its costs and attorneys' fees for prosecuting this crossclaim, all damages paid to Plaintiff by either settlement or judgment, all pre and post judgment interest, and such further relief warranted under law.

## COUNT II

### Common Law Indemnification

28. DSW Homes, LLC repeats and realleges all preceding paragraphs, which are incorporated herein by reference.

29. As a proximate result of the above-stated actions and omissions by RR Associates, DSW Homes, LLC was sued by Plaintiff in this action for the same

*Samuel v. Aptim et al.*, Civil No. 1:20-cv-28
**DSW Homes, LLC's Answer and Crossclaim**
Page 10

harm, with the Plaintiff alleging, among other causes, negligence against DSW Homes, LLC.

30. DSW Homes, LLC is entitled to recover common law indemnification against RR Association all of DSW Homes, LLC's liability, including without limitation, its costs and attorneys' fees related to defending the Plaintiff's claims against it, its costs and attorneys' fees for prosecuting this crossclaim, all damages paid to Plaintiff by either settlement or judgment, all pre and post judgment interest, and such further relief warranted under law..

## COUNT III

### Common Law Contribution

31. DSW Homes, LLC repeats and realleges all preceding paragraphs, which are incorporated herein by reference.

32. As a proximate result of the above-stated actions and omissions by RR Associates, DSW Homes, LLC was sued by Plaintiff in this action for the same harm, with the Plaintiff alleging, among other causes, negligence against DSW Homes, LLC.

33. DSW Homes, LLC is entitled to recover common law contribution against RR Association all of DSW Homes, LLC's liability, including without limitation, its costs and attorneys' fees related to defending the Plaintiff's claims against it, its costs and attorneys' fees for prosecuting this crossclaim, all damages paid to Plaintiff by either settlement or judgment, all pre and post judgment interest, and such further relief warranted under law.

*Samuel v. Aptim et al.*, Civil No. 1:20-cv-28
**DSW Homes, LLC's Answer and Crossclaim**
Page 11

WHEREFORE, Defendant DSW Homes, LLC demands judgment against Defendant RR Associates for contribution and indemnification for any and all sums that may be paid as damages to Plaintiff Edward Samuel, including but not limited pre- and post-judgment interest, costs, attorney's fees, and any other relief this Court deems appropriate.

DATED:  July 28, 2020

Respectfully submitted,
Law Offices of Douglas L. Capdeville, P.C.

   /s/ Douglas L. Capdeville
**BY: DOUGLAS L. CAPDEVILLE, ESQ.**
Attorney for Defendant
*V.I. BAR #284*
2107 Company St. – Lot #4
P.O. Box 224191
St. Croix, USVI 00822
Tel: (340) 773-7275
videfense@capdevillelaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this July 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such file to the following:

Jennifer S. Koockogey, Esq.
Lee J. Rohn &Associates, LLC
1101 King Street, Ste. 3
Christiansted, VI 00820
jennifer@rohnlaw.com
info@rohnlaw.com

Carl A. Beckstedy, III, Esq.
Beckstedt & Kuczynski
Attorneys for Defendant Aptim
2162 Church Street
Christiansted, VI  00820
carl@beckstedtlaw.com

William E. Crabill, Esq.
Cole, Scott & Kissane P.A.
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Tel: (786)-268-6426 / Fax: (305)-373-2294
William.Crabill@csklegal.com

                              /s/ Douglas L. Capdeville, Esq.